```
                  UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW HAMPSHIRE
```

**Albert Lloyd Higgins**

   v.                                  Case No. 18-cv-147-PB
                                         Opinion No. 2018 DNH 050

**Strafford County**
**Department of Corrections, et al.**


## MEMORANDUM AND ORDER

Albert Lloyd Higgins is a Jamaican citizen. He is in custody and is subject to a final order of removal from the United States. Higgins has filed a habeas corpus petition in this court seeking to stay his removal until he is able to file a motion to reopen the removal proceeding with the Board of Immigration Appeals (BIA). Defendants have argued in a motion to dismiss that I lack subject matter jurisdiction to consider Higgins' petition.


### I. BACKGROUND

Higgins was granted lawful permanent residence status in 1987. In 2001, he was convicted of witness tampering in Connecticut. Several years later, immigration officials commenced proceedings to remove Higgins from the United States

based on his criminal conviction.[1]  Higgins obtained an attorney and unsuccessfully challenged the removal proceedings before an immigration judge, the BIA, and the Second Circuit Court of Appeals.  His final appeal was resolved in 2012.

Higgins was arrested on January 19, 2018 by officers of the Department of Immigration and Customs Enforcement (ICE).  He filed his habeas corpus petition in this court on February 16, 2018.

Higgins argues that he was denied effective assistance of counsel during the proceedings that led to the removal order because his attorney made no effort to challenge his witness tampering conviction and failed to inform him that his challenge to the removal order was unsuccessful.  He concedes that the proper way to present his claim is by filing a motion to reopen with the BIA.  He asserts, however, that he needs a temporary stay from this court preventing his removal while he prepares his motion to reopen.  He argues that a stay is required because he will be barred from filing his motion if he is removed before he can file the motion.

---

[1] I draw the background facts from Higgins' habeas corpus petition (Doc. No. 1) and the Second Circuit's decision in [Higgins v. Holder, 677 F.3d 97 (2d Cir. 2012)](Higgins v. Holder, 677 F.3d 97 (2d Cir. 2012)).

## II. **ANALYSIS**

Defendants base their motion to dismiss on 8 U.S.C. § 1252(a)(5) and (b)(9), which purport to strip federal district courts of jurisdiction to entertain most challenges to a removal order.  See Filippi v. President of the United States, 2017 DNH 221, *2-3.  Higgins acknowledges the fact that the jurisdiction stripping provisions appear to bar his petition.  Nevertheless, he argues that his case is an exception to the general rule because his rights under the Constitution's suspension clause would be violated if this court declines to act on his request.

The suspension clause provides that "[t]he writ of habeas corpus shall not be suspended unless when, in cases of rebellion or invasion, the public safety may require it." U.S. Const. art. I, § 9, cl.2.  Notwithstanding the clause's broad wording, the Supreme Court has held that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus." Swain v. Pressley, 430 U.S. 372, 381 (1977).

Existing law allows a person subject to a removal order to challenge the constitutionality of the order by filing a motion to reopen with the BIA. Santana v. Holder, 731 F.3d 50, 55-56 (1st Cir. 2013).  Although Higgins concedes that the motion to

3

reopen process is a constitutionally adequate substitute for a habeas corpus challenge to a removal order in most cases, see, e.g., Luna v. Holder, 637 F.3d 85, 97 (2d Cir. 2011), Higgins argues that his case is different because he cannot avail himself of the motion to reopen process until his counsel has an opportunity to inspect his immigration file.  Nor can he obtain a stay of removal from the BIA until he files a motion to reopen.  Because Higgins is in danger of being removed before this process can be completed and he contends that he will lose his right to file a motion to reopen once he is removed, Higgins argues that he has no effective alternative way to protect his constitutional rights other than to obtain a stay of removal from this court.

The fatal flaw in Higgins' argument is that he bases it on the incorrect assumption that he will lose his right to file a motion to reopen if he is removed before he can file his motion. Higgins grounds his argument on 8 C.F.R § 1003.2(d), a BIA regulation that purports to bar a removed person from filing a motion to reopen.  In Luna v. Holder, 637 F.3d 85 (2d Cir. 2011), however, the Second Circuit followed every other circuit that has addressed the issue in holding that the BIA's post-departure bar regulation cannot be applied to categorically prevent a removed person from filing a motion to reopen after

the removal has occurred.  See id. at 100-01; see also Santana, 731 F.3d at 55-56; Garcia-Carias v. Holder, 697 F.3d 257, 264 (5th Cir. 2012); Contreras-Bocanegra v. Holder, 678 F.3d 811, 818 (10th Cir. 2012); Coyt v. Holder, 593 F.3d 902 (9th Cir. 2010); William v. Gonzalez, 499 F.3d 329, 333 (4th Cir. 2007). Although the Luna court left open the possibility that the post-departure bar regulation may be valid in certain unspecified contexts, see 731 F.3d at 102, Higgins does not identify any unusual circumstances in his case that would make the regulation effective against him.  Accordingly I am unpersuaded by his argument that the motion to reopen process will provide him with an inadequate substitute for habeas corpus relief.  See Luna, 637 F.3d at 102 (power to remove aliens subject to a final order of removal does not prevent motion to reopen process from being an adequate substitute for habeas corpus where the process otherwise remains adequate and effective).[2]

---

[2] Higgins bases his argument on Devitri v. Cronen, No. 17-cv-11842, 2017 WL 5707528, at *7 (D. Mass. Nov. 27, 2017).  In that case, however, the court rested its jurisdictional finding in part on a determination that the petitioners in those particular circumstances would lose their ability to file a motion to reopen if they were removed before the motion was filed. Moreover, the petitioners in that case faced persecution or torture if they were removed, which obviously could render a later ruling in their favor on a motion to reopen meaningless. As I have explained, Higgins is not barred from filing a post-departure motion to reopen and he does not have a credible claim that he will face persecution or torture if he is removed from the United States.  Therefore, this case is distinguishable from

5

### III. **CONCLUSION**

For the aforementioned reasons, Congress has stripped this court of jurisdiction to consider Higgins' habeas corpus claim. The jurisdiction stripping provisions do not deny Higgins his rights under the Constitution's suspension clause because he has an adequate alternative means to present his constitutional claim through a motion to reopen before the BIA.

Defendants' motion to dismiss for lack of subject matter jurisdiction (Doc. No. 5) is granted.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

March 12, 2018

cc: Edgar L. Fankbonner, Esq.
James H. Moir, Esq.
Terry L. Ollila, Esq.

---

Devitri.